UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEASTER FOSTER, | 1:12-cv-00380 GSA PC |
|        Plaintiff, | ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
|   vs. | |
| C. URSENBACH, et al., | |
|        Defendants. | |
| | AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on March 27, 2012 (ECF No 5).

1

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Avenal State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Avenal.   Plaintiff names the following defendants: Warden Hartley; Associate Warden Ndoh;  Lieutenant C. Ursenbach;  Captain Biaggini.  Plaintiff claims that he was subjected to a prison disciplinary process that violated Plaintiff's due process rights.  Plaintiff also claims that he was subjected to a violation of the Equal Protection Clause.

Plaintiff alleges that on April 11, 2011, he was charged with possession of a cell phone. On April 15,  2011, Plaintiff appeared before the Senior Hearing Officer, Defendant Ursenbach.  Plaintiff alleges that despite another inmate's admission of guilt, he was found guilty "based on the SHO's objectively unreasonable conclusion that inmate Ferguson failed to answer questions about the cell phone, leading the SHO to believe that Fersugon was 'coached' as to how to answer the questions."   One month later, Defendants Biaggini and Ndoh affirmed the conviction.   Plaintiff alleges that another inmate suffered the same fate – he was found guilty of cell phone possession despite another inmate's confession.

### A.   Disciplinary Process

In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings.  In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously

been invalidated.  512 U.S. at 487.  In applying the principle to the facts of <u>Balisok</u>, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing.  520 U.S. at 646.  Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983.  <u>Heck</u>, 512 U.S. at 487; <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

Plaintiff alleges that, prior to this conviction, he had ten years of disciplinary free behavior.  Plaintiff also alleges that the conviction occurred just ten months before his scheduled parole hearing.  Plaintiff was ultimately denied parole.  Therefore, the length of Plaintiff's sentence is affected. Although the specific facts of <u>Balisok</u> involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing.  The Ninth Circuit has recently applied the <u>Balisok</u> rule to a case in which a prisoner sought damages based on allegations that prison officials relied on false information to find him ineligible for parole.  <u>Butterfield v. Bail</u>, 120 F.3d 1023 (9th Cir. 1997).  Because the claim necessarily implied the invalidity of the plaintiff's continued confinement, it could not accrue until the conviction or sentence had been invalidated. <u>Id.</u>

In the instant case, plaintiff's core factual allegations are that he was convicted, despite a confession by another inmate.  Because plaintiff's claim necessarily implies the invalidity of plaintiff's continued confinement as a result of his disciplinary hearing, plaintiff's claim will not accrue until the conviction or sentence has been invalidated.   Plaintiff has not alleged that the conviction has been reversed, expunged or otherwise invalidated.  Plaintiff's due process claim should therefore be dismissed.

**B.   <u>Equal Protection</u>**

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985); <u>Shakur v.</u>

Schiriro, 514 F.3d 878, 891 (9th Cir. 2008).  A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of plaintiff's membership in a protected class. Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 960, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Here, Plaintiff simply alleges that another inmate suffered the same fate as Plaintiff – was convicted of cell phone possession despite the confession of another inmate to the offense. Such an allegation fails to state a claim for an equal protection violation.  Plaintiff must allege some facts that satisfy the above standard.  He has failed to do so.  This claim must therefore be dismissed.

### III.   Conclusion

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007)(citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814

F.2d 565, 567 (9th Cir. 1987), and must be "complete and in and of itself without reference to the prior or superseded pleading." Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)).

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send to Plaintiff a complaint form;

3.      Within **thirty** days from the date of service of this order, Plaintiff shall file an amended complaint;

4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

.

IT IS SO ORDERED.

Dated:  __**March 17, 2015**__          _____**/s/ Gary S. Austin**_____
                                                    UNITED STATES MAGISTRATE JUDGE